Nov. Term, 1854.

EPPERLY
v.
LITTLE.

---

## EPPERLY v. LITTLE.

Suit by *A.* against *B.* for money paid, &c. It appeared that a judgment had been rendered against *C., D., E.* and *A.,* upon which *B.* had become replevin bail, and that *A.* was compelled to pay it on execution. Neither the judgment nor execution showed that any of the judgment-debtors were sureties in the original debt. But it appeared, in the present case, that *C.* was the principal debtor and *D., E.* and *A.* sureties. *B.* having become indebted to *C.,* promised *C.* to pay the debt by payment of the judgment, and also told *A.* that should he, *A.,* be compelled to pay it, he, *B.,* would repay him. There was no evidence that any of the parties were insolvent. *Held,* that the suit would not lie.

APPEAL from the *Wayne* Court of Common Pleas.

PERKINS, J.—*Peter Little* sued *Joel Epperly* for money paid to his use. *Epperly* denied the cause of action. Trial, and judgment for the plaintiff.

The facts appearing in evidence were, that one *Isaac Torrey* had a judgment against *Philip Stiggleman, Valentine Wood, Daniel Clevinger* and *Peter Little*, upon which *Joel Epperly* became replevin-bail. Upon this judgment an execution issued, and the money was collected from the defendant, *Little*. There was nothing upon the face of the judgment or execution showing that any one of the judgment-debtors stood in the relation of surety in the original debt.

It appeared in evidence, however, in this case, that *Stiggleman* was the principal debtor, and that *Wood, Clevinger*, and *Little* were sureties; that *Epperly*, the replevin-bail, purchased hogs of *Stiggleman*, and agreed to pay for them by paying the judgment in question; and that he told *Little* that should he be compelled to pay it, he, *Epperly*, would repay him. *Little* did, as we have seen, pay the judgment on execution, and having done so, brought this suit on the above-stated promise of *Epperly*.

There was no evidence that any of the parties were insolvent.

We think this action can not be sustained. *Little* has paid a debt for his principal, *Stiggleman*. He did not pay it upon the request of *Epperly*. Had he, there would have been more plausibility in this suit. Nor did he originally become security for *Stiggleman* on any promise of *Epperly* to indemnify him in case of loss.

*Little* can recover of *Stiggleman* the amount he has paid for him; but we see no ground for his proceeding against *Epperly*. The latter had simply told him that if he had to pay a debt for which he had previously voluntarily become bound, he would repay him. There is no discoverable consideration for the promise. If regarded as a promise to pay the debt of another, it lacks written evidence.

Suppose *Epperly*, without *Stiggleman's* permission, should pay *Little*. Would such payment operate to discharge

Nov. Term,
1854.

EPPERLY
v.
LITTLE.

Saturday,
December 2.

*Epperly* from his liability to *Stiggleman* for the purchase-money of the hogs? It seems to us it would not.

We think the judgment below must be reversed with costs.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*O. P. Morton* and *J. M. Wilson*, for the appellant.

*J. B. Julian*, for the appellee.